NicholsoN, Cb. J.,
delivered tbe opinion of tbe court:
In IB66, R. G. Looney, being indebted to tbe minor children of Wm. Gross, deceased, as tbeir former guardian, delivered to 'Win. Tlmrman, tbeir then guardian, a note on 13. Yogel, for $410, payable to N. G. Looney, in satisfaction of liis indebtedness as such former guardian.
Afterwards, Thurman sold and delivered tbe note to W. P. Gillenwaters, and be afterwards sold and delivered it to E. E. Gillenwaters, who then delivered it as collateral security, to Shields and Pulkerson, as trustees, to be applied by them, when collected, towards a claim they bad for collection upon Gillenwaters. After Shields and Eulkerson received tbe note, they proceeded to bring suit on it, when tbe present bill was filed by tbe minor children of Wm. Gross, by their next friend, alleging that the note was part of the trust funds belonging to them, which had been illegally sold and transferred by their guardian, and that the Gillenwaters and Shields and Eulkerson all received the note with knowledge of its trust character, praying for an injunction ag-ainst the collection of the note by Shields and Eulkerson, and.that it be delivered up to them. *538 The Gillenwaters, Yogel, Shields, and Fulkerson were made defendants. Eone of them answered except Shields and Fulkerson. As to the others, there were judgments pro confesso.
Shields and Fulkerson answer, and say, that E. E. Gil-lewaters delivered the note to them in part and conditional payment of a demand they had against him, this being asserted by bill, the benefit of which was to accrue to them as trustees, if the maker proved solvent, and they succeeded in enforcing payment. They denied having any knowledge or notice of the trust character of the note, and insist that they held the note as innocent purchasers.
"Upon the hearing, the chancellor held that the note was part of the trust fund belonging to complainants, and that none of the defendants were innocent purchasers, and accordingly gave judgment against Yogel for the amount of ihe note, and interest.
The proof makes it clear that Thurman, as guardian of complainants, received the note from Looney, in satisfaction of his indebtedness to them as their former guardian. The note was, therefore, trust property, and Thurman, the guardian, had no right to sell and convert it to his individual use.
Ey the judgment pro confesso, it is settled that W. P. and E. E. Gillenwaters received the note with knowledge that it was trust property, and by their answer, Shields and Fulkerson show that they only received it as collateral security, and, therefore, that they do not hold it as purchasers for value without notice.
It follows that complainants have a right to follow the note as trust property, illegally sold and transferred by their guardian.
The decree of the chancellor is correct, and is affirmed with costs. The costs of this court will be paid by appellants.